81 F.3d 169
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Dennis O'MEARA, Debtor.
Trent ANDERSON, Jr., Grace W. Anderson, Trent Anderson, Jr.
as Trustee of Louis P. Wolfskill Trust, Plaintiffs-Appellees,
v.
Dennis O'MEARA, Defendant-Appellant.
 No. 94-56686.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 8, 1996.
Decided April 3, 1996.
 
 1
 Before: PREGERSON and T.G. NELSON, Circuit Judges, and EZRA,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Dennis O'Meara appeals the district court's reversal of the bankruptcy court's decision. The issue presented to the bankruptcy court was whether the Andersons set forth a prima facie case for nondischargability by establishing that O'Meara had obtained a $300,000 loan (1) by false pretenses, false representations or actual fraud, 11 U.S.C.A. § 523(a)(2)(A) (West 1993), or (2) by using a written financial statement to fraudulently induce the Andersons into making the loan. 11 U.S.C.A. § 523(a)(2)(B) (West 1993). The district court should have reviewed factual findings only for clear error and conclusions of law de novo, but did not. Bankr.R. 8013; Dewhirst v. Citibank (Arizona) (In re Contractors Equip. Supply Co.), 861 F.2d 241, 243 (9th Cir.1988); see Anderson v. City of Bessemer, 470 U.S. 564, 573 (1985) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)). Rather, the district court made independent factual findings. Moreover, the court failed to examine whether specific findings made by the bankruptcy judge were clearly erroneous and to cite to the portions of the record upon which it relied.
 
 
 4
 The district court's reversal was further based on a misapplication of 11 U.S.C.A. 523(a)(2)(A) and (B), because it focused solely on "reasonable reliance," under California case law. However, under section 523(a)(2)(A), a creditor must show that (1) the debtor made the representations; (2) at the time he knew they were false; (3) he made them with the intent and purpose to deceive the creditor; (4) the creditor relied on such representations; (5) that the creditor sustained the loss and damage as the proximate result of the representations having been made. See Britton v. Price (In re Britton), 950 F.2d 602, 604 (9th Cir.1991). Similarly, under section 523(a)(2)(B), a creditor must prove that the debtor used a materially false written statement regarding the debtor's or an insider's financial condition, that the debtor caused the statement to be published to the creditor with the intent to deceive, and that the creditor relied on a false statement and sustained a loss as a result thereof. See Chevy Chase Fed. Sav. Bank v. Graham (In re Graham), 122 B.R. 447, 450-51 (Bankr.M.D.Fla.1990).
 
 
 5
 We conclude that the bankruptcy court's ruling should have been upheld by the district court in light of the evidence in the record. Furthermore, since the bankruptcy court's factual findings are not silent or ambiguous as to material facts in question, remand is unnecessary. See Oaks of Woodlake Phase III, Ltd. v. Hall, Bayoutree Assocs. (In re Hall, Bayoutree Assocs.), 939 F.2d 802, 804 (9th Cir.1991).
 
 
 6
 For these reasons, we REVERSE the ruling of the district court and REINSTATE the decision of the bankruptcy court.
 
 
 
 *
 Honorable David Alan Ezra, United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3